**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

RUSSELL A. CESARI,

*Plaintiff*,

v.                                                    Case No. 1:26-cv-00768

NW CAPITAL MANAGEMENT LLC,

*Defendant*.

<u>**DEFENDANT NW CAPITAL MANAGEMENT LLC'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, Defendant NW Capital Management LLC ("NWCM" or "Defendant"), by and through its undersigned counsel, with full reservation of rights and defenses, hereby gives notice of the removal of the above-captioned action from the Circuit Court of Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia. In support of removal, Defendant provides this short and plain statement of the grounds for removal. *Id.* § 1446(a).

**I.     Background**

1.     On March 2, 2026, Plaintiff Russell A. Cesari ("Plaintiff") filed a Complaint against Defendant in the Circuit Court of Fairfax County, Virginia, bearing Case No. CL-2026-2742 (the "Civil Action").

2.     NWCM's counsel received a copy of the Complaint by email on March 3, 2026. Defendant was not "properly joined and served" in the Civil Action, as Defendant has not yet been served with the Summons and Complaint. 28 U.S.C. § 1441(b)(2); *see, e.g.*, *Spigner v. Apple Hosp. REIT, Inc.*, 2022 WL 1451397, at *5 (E.D. Va. Mar. 1, 2022).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint that was emailed to NWCM's counsel is attached hereto and made a part hereof as **Exhibit A**.

## II. <u>Grounds for Removal</u>

4. The basis for removal is original jurisdiction pursuant to 28 U.S.C. § 1441(a), coupled with the application of 28 U.S.C. § 1441(b) in this case given that NWCM has not been properly joined and served with the lawsuit.

5. This Court possesses original diversity jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1332 because:

a. Plaintiff Russell A. Cesari is a citizen of the State of Maryland (Compl. at *1, ¶ 1).

b. The citizenship of Defendant NWCM, a limited liability company, is determined by the citizenship of its members. NWCM's sole member is Northwest Federal Credit Union. *See, e.g.*, Northwest Capital Management, *available at* https://www.nwcapman.com/ ("NW Capital Management is a wholly-owned subsidiary of Northwest Federal Credit Union"). Northwest Federal Credit Union is a federally chartered credit union. A federally chartered credit union is a "corporation" for purposes of diversity jurisdiction. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 350 (4th Cir. 2020). A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Because Northwest Federal Credit Union is federally incorporated, its citizenship is determined by its principal place of business. *Navy Fed. Credit Union*, 972 F.3d at 356. The principal place of business of Northwest Federal Credit Union is Herndon, Virginia. *Cf.* Compl. ¶ 5 (admitting that the principal place of business of NWCM, which is solely owned by Northwest Federal Credit Union, is Virginia); *see also id.* ¶ 4 (admitting

that NWCM "has substantial business contacts with and conducts significant business in the Commonwealth of Virginia").

c.    No other plaintiffs or defendants have been named as parties in the Civil Action; and

d.    The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs (Compl. at *10).

**III.    Defendant Has Complied With All Procedural Requirements For Removal**

6.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of receipt by Defendant's counsel (which receipt was not by valid service of process) of the initial pleading purporting to set forth the claim for relief upon which the Civil Action is based.

7.    Contemporaneously with this filing, Defendant is also filing a Notice of Filing of Notice of Removal with Clerk of the Circuit Court of Fairfax County, as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit B**.

8.    Defendant will promptly serve the written notice of removal on Plaintiff's counsel after filing this Notice of Removal with this Court.

9.    Defendant reserves all rights. Nothing herein should be construed as a waiver or relinquishment of any of Defendant's rights, defenses, or remedies.

10.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant NW Capital Management LLC hereby seeks removal of the Civil Action from the Circuit Court of Fairfax County, Virginia, to the Alexandria Division of the United State District Court for the Eastern District of Virginia.

Dated: March 20, 2026

Respectfully submitted,

/s/ Jon M. Talotta
Jon M. Talotta (VSB No. 44590)
George W. Ingham (VSB No. 80506)
Emily A. Gomes (VSB No. 87571)
Saydee Schnider (VSB No. 98391)
HOGAN LOVELLS US LLP
8350 Broad Street, 17th Floor
Tysons, VA 22102
Tel: (703) 610-6100
Fax: (703) 610-6200
george.ingham@hoganlovells.com
jon.talotta@hoganlovells.com
emily.gomes@hoganlovells.com
saydee.schnider@hoganlovells.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2026, I caused a true and correct copy of Defendant's

Notice of Removal to be electronically filed with the Clerk of the Court using CM/ECF and served

via electronic mail upon the following counsel of record as indicated below.

<u>/s/ Jon M. Talotta</u>

Nicholas Woodfield (VSB No. 48938)
R. Scott Oswald (VSB No. 41770)
The Employment Law Group, P.C.
1717 K Street NW, Ste. 1110
Washington, D.C. 20006
Tel: (202) 261-2812
Fax: (202) 261-2835
nwoodfield@employmentlawgroup.com
soswald@employmentlawgroup.com

*Attorneys for Plaintiff*